## DUNNING *et al. v.* RANKIN *et al.*

WHERE, to prove prior possession of a mining claim, plaintiff relied upon a notice which had been posted on a tree at one end of the claim, which notice was not produced on the trial, but in place thereof, plaintiff introduced a witness who stated that he had frequently seen the notice, and that when he last saw it a part of it was torn and the residue so much defaced as to be illegible: *Held*, that this was sufficient to let in secondary proof of the contents of the notice; and that stricter proof of loss ought not to be required in such cases.

An objection to testimony held not to be good, because being too general. See facts.

APPEAL from the Fourteenth District.

The facts as to the question asked as to the extent of plaintiffs' location and defendants' objection thereto, mentioned in the last paragraph of the opinion, are as follows : The witness (Andrews) who had testified as to the defaced appearance of the notice the last time he saw it, being on the stand, was asked by plaintiffs' counsel: " What was the extent of the location of plaintiffs' grantors ?" Witness replied: " That it extended five hundred and fifty feet up said cañon from said tree ; there was a notice on the yew-tree which claimed five hundred and fifty feet up the cañon ; this notice he saw and read in 1855, at which time he was an owner and worked in the claims ; that he saw the notice the last time in 1857, when it was partly torn down, and did not think it could be read ; did not know what became of it, or the tree on which it was posted." Defendants' counsel then asked witness : " From what source he derived his knowledge as to the extent of said location?" He replied : " From his recollection of the contents of said notice, and from the fact that he had owned and worked there himself."

Defendants' counsel then objected " to the introduction of said testimony as to the extent of said location, on the ground that the loss of said notice had not been shown."

Objection overruled, defendants excepting.

*McConnell* and *Garber*, for Appellants.

The witness Andrews ought not to have been permitted to testify as to the extent of the location of plaintiffs' grantor, the knowledge of the witness as to the extent of such location being based upon his recollection of the contents of a written notice, and the loss of the notice not being shown, or its nonproduction accounted for. (*Lombardo* v. *Ferguson,* 15 Cal. 372 ; *McCann* v. *Beach,* 2 Id. 30 ; *Norris* v. *Russell,* 5 Id. 250 ; *People* v. *Clingan,* Id. 390 ; *Brotherton* v. *Mart,* 6 Id. 488.)

It is urged in opposition to this view that the witness did not derive his knowledge of the extent of the location to which he testified solely from the notice ; but it will scarcely be seriously urged that the rule requiring the production of the best evi-

dence can be evaded by such pretenses as this. Even if the result of the knowledge of the witness were made up of several ingredients, the writing should first be produced or accounted for, and then the witness could proceed to state the other facts.

The Court will perceive by reference to the testimony of Andrews, and the exception therein embodied, that it was impossible for defendants to make their objection to this testimony in any other form than that adopted.

Instead of requiring the witness to testify as to any facts which might be in his knowledge, the Court, against our objection, allowed him to answer generally the question : " What was the extent of the location ? " It is true, that our objection to this question was general, but that matters not, as the question was manifestly improper in every point of view. As soon as this objection was overruled, the witness stated that the location extended five hundred and fifty feet. The counsel for defendants immediately drew from the witness the fact that he was speaking of the contents of the notice, and then made the objection to this evidence, specifying the point of the objection, and thereby affording plaintiffs an opportunity of obviating its force by supplying the proper evidence of loss, etc.

*A. C. Niles* and *Geo. Cadwalader*, for Respondents.

I.   As to the question by plaintiffs as to the extent of the original location, the sole point of the exception is, that the witness, in stating that the plaintiffs' original claim extended five hundred and fifty feet up the cañon, stated a fact, his knowledge of which he derived partly from his recollection of a paper notice which he saw once upon the claims. It was not any objection to proof by plaintiffs of the contents of the notice. The witness had already testified to the contents of notice. He had stated that the notice " claimed five hundred and fifty feet up the cañon."

Defendants made no objection to this evidence at the time it was given, or motion to strike it out afterwards.

All the facts in regard to the destruction of the notice were proven in immediate connection with the proof of its contents.

Nor was any exception taken to the form of plaintiffs' question, which (as it is set forth in the exception) was perhaps improper,

and should have been so framed as to lead the witness to a statement of particular facts rather than his general knowledge derived from those facts.

II. The loss of the notice was sufficiently shown to admit secondary proof of its contents. (1 Greenlf. Ev., sec. 558; *Bagley* v. *McMickle*, 9 Cal. 430.)

COPE, J. delivered the opinion of the Court—FIELD, C. J. concurring.

This is an action to recover certain mining claims to which the plaintiffs set up a right by prior possession. On the trial of the case, they relied in proof of their priority upon a notice which had been posted on a tree at one end of the claims. The notice itself was not produced, and the first objection taken is that its contents were allowed to be proved by secondary evidence. The witness who testified upon the subject stated that he had seen the notice frequently; and that when he last saw it a part of it was torn off and the residue so much defaced that he thought it could not be read. This was sufficient to warrant the admission of the evidence objected to, and we think that greater strictness of proof ought not to be required in such cases. The notice was necessarily placed in an exposed position, and it is reasonable to infer that the part torn off had been carried away or destroyed by the elements. The failure to produce the part remaining was sufficiently excused by the statement of the witness as to its illegible condition. It is true, the witness did not express himself in positive terms, but as the whole notice could not be produced, we think the Court was justified in admitting the evidence.

The point as to the question asked in regard to the extent of the original location of the plaintiffs is not maintainable upon the exception taken. The objection was general, and as the plaintiffs might have obviated the difficulty by changing the form of the question, the ground of the objection should have been stated. The case seems to have been fairly tried, and we have no doubt that justice has been done.

Judgment affirmed.